DALE KOTCHKA-ALANES
State Bar No. 13168
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Parkway, Suite 600
Los Vegas, NV 89169
Telephone:    702-949-8200
Facsimile:     702-949-8398
Email: dkotchkaalanes@lewisroca.com

*Attorney for Defendant*
*TMX Finance Corporate Services, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Melvin Nicholas, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TMX Finance Corporate Services, Inc. and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:23-cv-01749<br><br>(Eighth Judicial District Court, Clark County, Nevada Case No. A-23-878564-C)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Filing Date:    10/27/23 |

122825634.1

# NOTICE OF REMOVAL

Defendant TMX Finance Corporate Services, Inc. ("TMX") removes the case captioned *Melvine Nicholas v. TMX Finance Corporate Services, Inc.*, Case No. A-23-878564-C from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada in accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453. TMX provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 89 (2014).

1. On September 28, 2023, Plaintiff Melvin Nicholas filed a putative class-action complaint—attached as Exhibit A—in the Eighth Judicial District Court in Clark County, Nevada. Plaintiff alleges claims for negligence, invasion of privacy, breach of contract, and breach of implied contract. Ex. A, Compl. pp. 11–17.

2. This Court has original jurisdiction over this case under the Class Action Fairness Act (CAFA) because (1) there is at least minimal diversity between the parties, (2) the putative class includes more than 100 members, (3) no defendant is a state, state official, or other governmental entity, (4) the amount in controversy exceeds $5 million, exclusive of interest and costs, and (5) none of CAFA's exceptions applies. *See* 28 U.S.C. § 1332(d). TMX has also complied with all other removal requirements.

## BACKGROUND

3. Plaintiff alleges that in early to mid-February 2023 a third-party criminal actor illegally accessed TMX's data systems containing personally identifiable information (PII) for millions of individuals, including Plaintiff. Ex. A, Compl. ¶¶ 1-4, 25-26. Plaintiff asserts four claims and seeks damages, injunctive relief, and attorneys' fees and costs of litigation. *See id.* ¶¶ 9, 89. He asserts those claims on his own behalf and on behalf of "[a]ll people in the United States whose PII … was [allegedly] obtained by an unauthorized individual or individuals from Defendant during the Data Breach reported by Defendant that occurred on or around February 3, 2023, to February 14, 2023." *Id.* ¶ 41.

4. Plaintiff filed his complaint on September 28, 2023. *See* Ex. A, Compl. p.1.

1  Plaintiff served TMX on October 9, 2023. *See* Ex. C, Affidavit of Service. In accordance
2  with 28 U.S.C. § 1446(a), TMX has attached as Exhibits A and B true and correct copies of
3  the complaint and summons, which are the only process, pleadings, or orders that Plaintiff
4  served on TMX in the state-court case. *See* Ex. A (complaint); Ex. B (summons). TMX has
5  also attached a copy of the affidavit of service, the only other document filed in the state
6  court action (Exhibit C), and a copy of the state-court docket (Exhibit D).

**GROUNDS FOR REMOVAL**

5.  The Court has original subject-matter jurisdiction under CAFA because of the case's size, the amount of damages Plaintiff's complaint puts in controversy, and the parties' diversity. CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Section 1332(d)(5) also provides that CAFA jurisdiction extends to class actions in which there are at least 100 putative class members. *See id.* § 1332(d)(5)(B). This case satisfies those requirements.

**I.  THIS CASE IS A CLASS ACTION WITH MORE THAN 100 PUTATIVE CLASS MEMBERS.**

6.  Under CAFA, a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). According to Plaintiff, he filed the complaint "[p]ursuant to Nevada Rule of Civil Procedure 23 … on behalf of himself and the following Class of similarly situated individuals: All people in the United States whose PII … was [allegedly] obtained by an unauthorized individual or individuals from Defendant during the Data Breach reported by Defendant that occurred on or around February 3, 2023, to February 14, 2023." Ex. A, Compl. ¶ 41. That fits CAFA's definition of a putative class action. *See* 28 U.S.C. § 1332(d)(1)(B).

7.     Plaintiff's proposed class consists of "[a]ll people in the United States whose PII … was [allegedly] obtained by an unauthorized individual or individuals from Defendant during the Data Breach reported by Defendant that occurred on or around February 3, 2023, to February 14, 2023." Ex. A, Compl. ¶ 41.

8.     TMX has reviewed its records and determined that there could be at least 4.8 million individuals in the United States whose information was involved in the data incident that gives rise to Plaintiff's claims. There are accordingly more than 100 members of the putative class as defined by Plaintiff, which satisfies CAFA's requirement that the putative class include more than 100 members. *See also* Ex. A, Compl. ¶ 43 (alleging that "[t]he putative Class is comprised of millions of persons"); *id.* ¶ 1 (same).

## II.   THERE IS MORE THAN $5 MILLION IN CONTROVERSY.

9.     The "matter in controversy" also exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). "[T]he amount in controversy is the '*amount at stake*' in the underlying litigation." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (citation omitted, emphasis in original). The "[a]mount at stake" does "not mean likely or probable liability; rather, it refers to possible liability." *Id.*; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("amount at stake" includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant").

10.    Plaintiff's complaint does not state an amount in controversy, so this notice must contain only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *see also Greene*, 965 F.3d at 772; *Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019) (district court should not place on removing party "a burden to prove its jurisdictional allegations in response to [a] facial challenge").

11.    TMX denies all liability on Plaintiff's claims, denies that Plaintiff could ever recover damages, and denies that a court could ever certify a class under Federal Rule of Civil Procedure 23. But assuming that the Plaintiff's allegations are true—for removal

purposes only—his putative class claims put more than $5 million, exclusive of interest and costs, in controversy.

12. Plaintiff has alleged that the putative class includes "All people in the United States whose PII … was [allegedly] obtained by an unauthorized individual or individuals from Defendant during the Data Breach reported by Defendant that occurred on or around February 3, 2023, to February 14, 2023." Ex. A, Compl. ¶ 41. TMX has reviewed its records and according to those records, the putative class could include at least 4.8 million members. If we assume that the putative class includes 4.8 million members, that Plaintiff and the putative class members prevailed on their claims, and that each putative class member received only $1.10 in actual damages, then that would amount to $5,280,000 in alleged damages, exclusive of interests and costs. That amount would obviously increase if each putative class member received more than $1.10. Even assuming minimal damages puts the amount in controversy above $5 million, exclusive of interest and costs.

13. In addition to actual damages, Plaintiff seeks injunctive relief ordering TMX to provide Plaintiff and the putative class with credit monitoring and identity theft insurance. *See* Compl. Prayer for Relief (Third Bullet Point). The cost of providing the putative class with the requested services is properly included in the amount in controversy. *See Porras v. Sprouts Farmers Mkt., LLC*, No. EDCV161005JGBKKX, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (including credit monitoring costs in amount in controversy). Even assuming that Plaintiff is only seeking credit monitoring with identity theft insurance for three years, and assuming those services cost only **three cents ($0.03) per month**, then the amount in controversy for this relief alone would exceed $5 million, exclusive of interest and costs.[1] *Id.* at *3 (concluding that for purposes of determining the amount in controversy in a case alleging the theft of personal information, it is "not unreasonable" to use "three years as a conservative estimate" for the length of time the plaintiff is seeking credit monitoring services). Indeed, the monthly advertised rates for credit-monitoring services are much higher. As of October 26, 2023, the advertised monthly rates to purchase credit

---

[1] [4,800,000] x [$0.03 per month] x [36 months] = $5,184,000.

monitoring with identity theft insurance of the type requested by the complaint from three national credit-reporting agencies ranges from $16.95 to $29.95 per month at Equifax, $29.95 per month at TransUnion, and from $24.99 to $34.99 per month at Experian.[2]

14. Plaintiff and members of the putative class also seek other types of injunctive relief, including "instituting security protocols in compliance with the appropriate standards" and "requiring Defendant to submit to periodic compliance audits by a third party regarding the security of personal identifying information in its possession, custody and control." *See* Compl. Prayer for Relief (Third Bullet Point). The amount in controversy includes "the costs of complying with an injunction." *Fritsch*, 899 F.3d at 793; *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (affirming district court finding amount in controversy satisfied where potential cost of complying with injunctive relief was considered). TMX denies that its data security practices are deficient in any respect. Nevertheless, the cost of complying with any injunctive relief requested in the complaint must be included in the amount in controversy and is further evidence that CAFA's jurisdictional threshold is satisfied.

15. Plaintiff also seeks to recover punitive damages, interest, costs, and attorneys' fees. *See* Compl. Prayer for Relief (Fourth and Fifth Bullet Points). Those requests also increase the amount in controversy beyond the threshold. *Cf. Dart Cherokee*, 574 U.S. at 89 (notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

16. Since late March 2023, other plaintiffs have also filed putative class actions against TMX in federal court concerning the same set of facts. Many of those plaintiffs have

---

[2] *See* Equifax, *Compare our premium products*, https://www.equifax.com/personal/products/credit/monitoring-product-comparison (last visited October 26, 2023) (screenshot attached hereto as Exhibit E); TransUnion, *Be in the know with TransUnion*, https://membership.tui.transunion.com/tucm/orderStep1_form.page?offer=3BM10211&PLACE_CTA=home:center:tu&channel=paid&cid=ppc%3Abing%E2%80%A6 (last visited October 26, 2023) (screenshot attached hereto as Exhibit F); Experian, Identity Protection Plans, https://www.experian.com/protection/compare-identity-theft-products/ (last visited October 26, 2023) (screenshot attached hereto as Exhibit G).

invoked the courts' jurisdiction under CAFA because the amount in controversy for those cases exceeds $5 million, exclusive of interest and costs. *See, e.g., Savannah Kolstedt v. TMX Finance Corporate Services, Inc.*, Case No. 4:23-cv-76 (S.D. Ga. March 31, 2023), Dkt. 1, Compl. ¶ 20, ("This Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action wherein the amount of controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one Class Member, including Plaintiff, is a citizen of a state different from Defendant to establish minimal diversity."). The same is true here.

### III.   MINIMAL DIVERSITY EXISTS.

17. There is also minimal diversity under CAFA because at least one plaintiff is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(a).

18. Plaintiff is a citizen of Nevada. *See* Ex. A, Compl. ¶ 11.

19. TMX is incorporated in Delaware and has its principal place of business in Georgia, so it is a citizen of Delaware and Georgia. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); *see also* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

20. Because at least one member of the putative class (Plaintiff) is a citizen of Nevada, and because TMX is a citizen of Delaware and Georgia, CAFA's minimal diversity requirement is met.[3]

### IV. TMX HAS SATISFIED ALL OTHER REQUIREMENTS.

21. TMX has also satisfied all other requirements for removal under 28 U.S.C. § 1446.

22. **Venue**. Venue is proper because Plaintiff filed the complaint in Clark County, Nevada and because this Court sits in the federal judicial district embracing that

---

[3] None of the exceptions to CAFA applies here, but in any event, the burden is on Plaintiff to prove that one of CAFA's exceptions applies. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003).

county. *See* 28 U.S.C. §§ 1391, 1441(a), 1446(a); *id.* § 108.

23. **Timeliness.** TMX was served with the summons and complaint on October 9, 2023. TMX has filed this notice within 30 days of being served with the summons and complaint, so this notice is timely under 28 U.S.C. § 1446(b)'s 30-day deadline.

24. **Notice to adverse parties and state court.** In accordance with 28 U.S.C. § 1446(d), TMX will promptly serve copies of this notice on Plaintiff's counsel and will file the notice with the clerk for the Eighth Judicial District Court, Clark County, Nevada.

25. **Consent.** TMX is the only defendant specifically identified.[4] Moreover, under CAFA, a class action "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

26. **Other matters.** If Plaintiff opposes removal, then TMX asks for the opportunity to submit briefing, argument, and additional evidence to show why removal is proper. TMX also reserves the right to amend or supplement this notice. By filing this notice, TMX does not waive or relinquish its right to assert any defense or objection to the complaint, including without limitation any defense to class certification and any right to move to compel arbitration.

## CONCLUSION

The Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

Dated:  October 27, 2023

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

By: */s/ Dale Kotchka-Alanes*
Dale Kotchka-Alanes
3993 Howard Hughes Parkway, Suite 600
Los Vegas, NV 89169
Telephone:     702-949-8200
Facsimile:      702-949-8398
E-mail: dkotchkaalanes@lewisroca.com

*Attorney for Defendant*

---

[4] Plaintiff also names as defendants "DOES 1 through 10."

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served on counsel of record this 27th day of October, 2023, using the Court's CM/ECF System, as well as via first class U.S. Mail and email to Plaintiff's counsel as follows:

| | |
|---|---|
| Michael Kind, Esq.<br>**KIND LAW**<br>8860 South Maryland Parkway<br>Suite 106<br>Las Vegas, NV 89123<br>mk@kindlaw.com | George Haines Esq.<br>**FREEDOM LAW FIRM**<br>8985 S. Eastern Ave.<br>Suite 350<br>Las Vegas, Nevada 89123<br>Ghaines@freedomlegalteam.com |

By: */s/ Jessie M. Helm*
An employee of Lewis Roca

**INDEX OF EXHIBITS**

| Exhibit No. | Description | Page Nos. |
|---|---|---|
| A | Class Action Complaint for Damages Based on: (1) Negligence; (2) Invasion of Privacy; (3) Breach of Contract; and (4) Breach of Implied Contract, filed September 28, 2023 | 19 |
| B | Summons, issued September 28, 2023 | 21 |
| C | Affidavit of Service, filed October 17, 2023 | 1 |
| D | State Court Docket | 2 |
| E | Screenshot of Equifax Pricing | 3 |
| F | Screenshot of TransUnion Pricing | 4 |
| G | Screenshot of Experian Pricing | 2 |